UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SUSAN ALAIMO,                                         :
               Plaintiff,                 :
                                           :       **OPINION AND ORDER**
v.                                                              :
                                         :       20 CV 2782 (VB)
SAM'S EAST, INC.,                                     :
             Defendant.                  :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Susan Alaimo brings this action against defendant Sam's East, Inc., alleging she slipped on a cherry on the floor of a Sam's Club store, of which defendant had constructive notice, causing plaintiff several injuries including a knee fracture and two rib fractures.[1]

Now pending is defendant's motion for summary judgment. (Doc. #30).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### BACKGROUND

The parties have submitted briefs, statements of material fact, supporting affidavits, and exhibits, which together reflect the following factual background.

On June 23, 2018, plaintiff slipped on a cherry on the floor in the seasonal aisle of the Sam's Club store in Middletown, New York, and fell, injuring herself. Plaintiff testified she was not looking at the floor as she walked, and so did not observe anything about the floor before she slipped.

Plaintiff testified that after she fell, she saw she had slipped on "a cherry with a pit in it all squished up that looked like it was there for quite a while. It didn't have the consistency of

---

[1] Plaintiff commenced this action in Supreme Court, Orange County. Defendant later removed the case to federal court.

1

something fresh." (Doc. #33-3 ("Pl. Dep.") at 20–21). Plaintiff testified her "foot probably hit the pit." (Id. at 21). Plaintiff also testified that when she was on the ground after her fall, she:

> saw a scuff mark and the color of it[2]. . . [l]ike a deep red . . . it was like gooky. It was [a] piece of fruit. When you eat a cherry and you bite into it, you get that juicy feeling from it. This looked like it didn't have that juiciness. It had a sticky content look. It was thicker.

(Id. at 23–24). Plaintiff also testified she "didn't see the pit," but "only felt the pit under her foot when [she] was slipping." (Id. at 24). She further testified there were "other scuff marks" in the vicinity that looked like "something may have dropped" on the ground. (Id. at 26). At the deposition, plaintiff said she did not recall seeing any footprints or track marks in the streak she slipped on, but that looking at photos of where she fell, she saw there were no footprints or track marks. (Id. at 27). Plaintiff testified she "assum[ed]" the substance was on the floor "for a while" because "of the consistency of the juice of it, the coloring of it, the thickness of it, the texture of it." (Id. at 28). Plaintiff further testified that samples of fruit and cherries were being given out an aisle or two away from where she fell. (Id. at 29, 30). Defendant disputes cherries were handed out as samples on the date of the incident.

Plaintiff's daughter, Minette Alaimo, testified that right before the accident, plaintiff was to her left and slightly behind her. (Doc. #33-5 ("Minette Dep.") at 9). She testified she did not see anything on the floor prior to her mother's accident. (Id.). She also testified she did not witness the accident but heard it and turned around to find her mother on the floor. (Id. at 10). She further testified that after the fall, she saw that her mother's fall had been caused by "[a] cherry with a pit," the cherry was "smooshed," and "you see it's not just a cherry, you see like a

---

[2]   Drawing all inferences in plaintiff's favor, the context of the deposition transcript suggests that plaintiff's use of the word "it" referred to the remnant of what she slipped on, and not the other scuff marks she testified were also in the vicinity.

stain with it.  Like you see the whole piece of it or juice."  (Id. at 12).  She also testified she saw in a picture of the accident scene that there was a streak from the cherry her mother slipped on and a different "stain next to it."  (Id. at 16).

Plaintiff does not point to any evidence in the record supporting the conclusion that defendant placed the cherry on the floor or had actual notice of the cherry on the floor before the accident.  She relies on circumstantial inferences to argue defendant had constructive notice of the cherry on which she slipped.

## DISCUSSION

I.      Legal Standards

   A.     Summary Judgment Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[3]

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir.

---

[3]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2010).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party fails to make a sufficient showing on an essential element of her case on which she has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 322–23.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury reasonably could find for her.  Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper.  Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need consider only evidence that would be admissible at trial.  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).  Accordingly, bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

B.     Burden of Proof on Summary Judgment

New York law governs the substantive slip-and-fall claim. However, "the issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) and its progeny, and accordingly is subject to federal rather than state law." Tingling v. Great Atl. & Pac. Tea Co., 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003). "[U]nder federal law, the moving party need not make any affirmative prima facie showing on a motion for summary judgment, and may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of Plaintiff's claim." Ricci v. Wal-Mart Stores E., LP, 2018 WL 4308556, at *5 (S.D.N.Y. Sept. 10, 2018).[4]

II.    Negligence Claim

Defendant argues plaintiff has not identified a genuine issue of material fact with respect to the issue of whether defendant had constructive notice of the cherry on which plaintiff slipped.

The Court agrees.

A.     Applicable Law

To prevail on a negligence claim under New York law, a plaintiff must establish the defendant owed the plaintiff a duty; the defendant breached the duty; and an injury resulted from the breach. Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006).

Under New York law, for a landowner to be liable in tort to a plaintiff injured as a result of an allegedly defective or dangerous condition, the plaintiff must establish that a defective

---

4   By contrast, under New York law, a defendant moving for summary judgment in a slip-and-fall case has "the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it." Ricci v. Wal-Mart Stores E., LP, 2018 WL 4308556, at *5.

5

condition existed, and the landowner either affirmatively created the condition or had actual or constructive notice of its existence. Lezama v. 34-15 Parsons Blvd, LLC, 16 A.D.3d 560, 560 (2d Dep't 2005).

For a defendant to have constructive notice, "the defect must have been visible and apparent and must have existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Tuthill v. United States, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003) (citing Gordon v. Am. Museum of Nat. Hist., 67 N.Y.2d 836, 837 (1986)).

"The absence of evidence demonstrating how long a condition existed prior to a plaintiff's accident constitutes a failure to establish the existence of constructive notice as a matter of law." Rivera v. Target Dep't Store, Inc., 2017 WL 2709745, at *5 (S.D.N.Y. June 22, 2017) (quoting Early v. Hilton Hotels Corp., 73 A.D.3d 559, 561 (1st Dep't 2010)).

"When there is no direct evidence to demonstrate actual or constructive notice, the plaintiff may consider circumstantial evidence from which it can be inferred that the condition that caused plaintiff's injury was visible and apparent and existed for a sufficient length of time for defendant to discover and remedy it." Rivera v. Target Dept Store, Inc., 2017 WL 2709745, at *6.

B.   Analysis

Here, plaintiff and her daughter testified plaintiff slipped and fell on a cherry with a pit. For the purposes of this motion, the Court assumes without deciding that the cherry was visible and apparent. Nevertheless, plaintiff has failed to adduce any evidence from which a reasonable jury could conclude defendant had constructive notice of the cherry. Fatal to plaintiff's claim is that no record evidence indicates how long the cherry existed on the floor before plaintiff slipped on it. The cherry "could have been deposited there only minutes or seconds before the accident

and any other conclusion would be pure speculation." Gordon v. Am. Museum of Natural History, 67 N.Y.2d at 838. Absent evidence on this point, no reasonable jury could conclude the cherry was on the ground for a sufficient length of time that defendant could have discovered it and remedied it. See Tuthill v. United States, 270 F. Supp. 2d at 400.

Plaintiff's deposition testimony that the cherry she slipped on "didn't have the consistency of something fresh," looked sticky, and was not juicy does not save her claim. (Pl. Dep. at 21). Plaintiff's description of the cherry after she slipped on it provides no evidence of how long the cherry was on the ground prior to her slipping on it. Cf. DeLotch v. Wal-Mart Stores, Inc., 2008 WL 11395591, at *3 (S.D.N.Y. June 16, 2008) ("[T]he simple fact that the banana was brown and smashed [after plaintiff slipped] does not establish constructive notice."). Nor could a jury draw any reasonable inference of how long the cherry was on the ground based on plaintiff's testimony that samples were being handed out in Sam's Club that day. See id.

Furthermore, neither plaintiff's nor her daughter's affidavit in opposition to the motion for summary judgment alters the Court's conclusion. Referring to photographs attached to her affidavit, plaintiff attests that near the area where she stepped on the cherry is "another large wide stain or blotch and streaks connecting that stain to the fruit I stepped on." (Doc. #34-2 ("Pl. Aff.") ¶ 8). She also attests for the first time that "[t]here are also at least four separate sets of tracks from wheels or carts. . . . These are plainly from wheels that picked up some juice on one side portion of each wheel and as each wheel turned it left behind a trail of dashes." Id. Plaintiff's daughter attests in her affidavit that the marks on the ground "are wheel marks from carts that had previously streaked through the substance on the floor prior to my mother's incident." (Doc. #34-3 ("Minette Aff.") ¶ 7). She further attests it is "apparent that other

cherries had been on the floor and trampled and scuffed or streaked away in different directions leaving the residual cherry with a pit my mother stepped on." (Id. ¶ 8).

Even assuming these statements are not contradictory to plaintiff's and her daughter's deposition testimony[5] and viewing the photographs and these attestations in the light most favorable to plaintiff, the Court concludes a reasonable jury could not conclude from this evidence that the cherry was there for any specific amount of time such that defendant could have discovered and remedied it.  It is not clear from the photographs or the affidavits when the track marks were created—moments before plaintiff fell, earlier that day, the prior week, or a year prior.  Plaintiff and her daughter do not provide additional details that might shed light on when those other track marks were placed on the ground, such as that the other marks were wet or slippery after plaintiff's fall.  Moreover, the attestations that these marks indicate there were other cherries on the floor are wholly speculative.  There is no record evidence suggesting the other marks in the vicinity of the fall came from cherries.  Thus, the attestations proffered in the affidavits could not allow a reasonable jury to conclude that the actual cherry plaintiff slipped on—which may or may not have been related to these other marks on the ground—was there for sufficient time to give rise to an inference of constructive notice.

In addition, plaintiff points to several cases that are inapposite.  For example, in Figueroa v. Pathmark Stores, Inc., 2004 WL 74261, at *4 (S.D.N.Y. Jan. 15, 2004), the court concluded a

---

[5] "[F]actual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts [the plaintiff's] own prior deposition testimony." Zorbas v. U.S. Tr. Co., 48 F. Supp. 3d 464, 472 (E.D.N.Y. 2014). "This principle does not apply, however, if the statements are not actually contradictory, or the later sworn assertion addresses an issue that was not thoroughly or clearly explored." Id.  Here, plaintiff and her daughter did testify they saw "scuff marks" on the ground after plaintiff fell.  Thus, the Court declines to conclude that the proffered attestations further describing their understanding of the marks on the ground near where plaintiff fell are contradictory to their prior testimony.

8

reasonable jury could infer constructive notice. There, although the plaintiff "did not see the pink liquid on the floor prior to her fall and ha[d] no knowledge of how long it had been there, there were telltale signs supporting an inference of a long standing condition." Id. The plaintiff's friend "claim[ed] to have observed a trail of pink liquid leading from the front of the store though the checkout area with shopping cart tracks and footprints through it, leading in different directions." Id. The Court concluded that "[c]oupled with [the friend's] observation that the liquid had become sticky and begun to change color and consistency in some places, a jury could infer that the pink liquid was present for an appreciable period of time." Id. But in the instant case, plaintiff points to no "telltale signs" giving rise to an inference that the cherry was present for an appreciable period of time.

Catanzaro v. King Kullen Grocery Co., 194 A.D.2d 584 (2d Dep't 1993), is also distinguishable. There, the court upheld a jury verdict in plaintiff's favor, concluding the jury could have imputed constructive notice to the defendant based, in part, on the presence of wet and dry footprints and wheel marks around a spill. As discussed above, no such comparable evidence from which a jury could draw an inference of how long the cherry was on the ground has been proffered in the instant case.

In sum, no reasonable jury could conclude defendant had constructive notice of the dangerous or defective condition, and defendant is therefore entitled to judgment as a matter of law.


## CONCLUSION

The motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #30), and close this case.

Dated: September 28, 2021
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge